UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



___

U.S. BANK TRUST, N.A.,
As Trustee for LSF9 Master
Participation Trust,

        Plaintiff,

v.

RICHARD R. GROSS, SR., and
DEBBIE D. GROSS,

        Defendants.

**DECISION AND ORDER**

6:16-cv-06640-EAW

___

## INTRODUCTION

Plaintiff U.S. Bank Trust, N.A. ("Plaintiff") commenced this action on September 20, 2016, pursuant to Article 13 of the New York Real Property Actions and Proceedings Law ("RPAPL"), to foreclose a mortgage encumbering 401 Washington Avenue, Rochester, New York 14617, together with the land, buildings, and other improvements located on the property ("the Property"). (Dkt. 1 at ¶ 1). Defendants Richard R. Gross, Sr. and Debbie D. Gross (collectively, "Defendants") were served on October 7, 2016 (Dkt. 10-3), but have failed to answer the complaint or otherwise appear in this action. On November 4, 2016, the Clerk of Court entered a default against Defendants. (Dkt. 7).

Plaintiff now moves for a default judgment and for foreclosure and sale of the Property. (Dkt. 9). A copy of the instant motion was served upon Defendants by mail on January 23, 2017. (Dkt. 11).

For the reasons set forth below, the action is dismissed without prejudice for lack of subject matter jurisdiction, and the motion is denied.

## BACKGROUND

On or about May 10, 2005, Defendant Richard executed and delivered a note, promising to pay $103,455.00, plus interest, on the unpaid amount due ("the Note"). (Dkt. 1 at ¶ 9). Defendants then executed and delivered a mortgage on the Property in the amount of $103,455.00 ("the Mortgage"). (*Id.* at ¶ 10). The Mortgage and the Note were subsequently assigned to Plaintiff. (*Id.* at ¶ 11). Defendants failed to make the payment due on October 1, 2010, and all payments thereafter. (*Id.* at ¶ 12).

Plaintiff alleges that a principal balance of $95,650.20, with 5.785% interest accruing from September 1, 2010, is owed by Defendants. (*Id.* at ¶ 13). Plaintiff further contends that Defendants also owe "late charges, monies advanced for taxes, assessments, insurance maintenance, and preservation of the Property, and the costs, allowances, expenses of sale, and reasonable attorney's fees for the foreclosure." (*Id.*). Plaintiff also claims that it has complied with the notice provisions of the Mortgage and RPAPL § 1304, and that it has satisfied the filing requirements of RPAPL § 1306. (*Id.* at ¶ 15).

According to Plaintiff's affidavits of service, the summons and complaint, together with a certificate of merit, a debt validation letter, an RPAPL § 1303 notice, and an RPAPL § 1320 were served upon Defendants on October 7, 2016. (Dkt. 10-3). Although Defendant's answers were due on October 28, 2016 (Dkt. 5), Defendants failed to answer the complaint or otherwise appear in this action. On November 3, 2016, Plaintiff

requested that the Clerk of Court enter a default against Defendants pursuant to Federal Rule of Civil Procedure 55(a). (Dkt. 6). The Clerk entered a default on November 4, 2016. (Dkt. 7).

On January 23, 2017, Plaintiff filed the instant motion. (Dkt. 9). Plaintiff also requests that the Court appoint a referee to oversee the sale of the Property and the disbursement of proceeds. (Dkt. 10 at 4). Plaintiff has served the motion. (Dkt. 11).

On January 27, 2017, the Court issued a scheduling order requiring Defendants to file any responsive papers to Plaintiff's motion by February 16, 2017. (Dkt. 12). The Court also ordered Plaintiff to serve Defendants with a copy of the scheduling order and Plaintiff's motion papers by February 2, 2017. (*Id.*). Although Plaintiffs served the scheduling order on January 31, 2017 (Dkt. 13), to date, Defendants have not responded or appeared.

## LEGAL STANDARD

### I. Subject Matter Jurisdiction

"Dismissal of a case for lack of subject matter jurisdiction . . . is proper 'when the district court lacks the statutory or constitutional power to adjudicate it.'" *Ford v. D.C. 37 Union Local 1549*, 579 F.3d 187, 188 (2d Cir. 2009) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "Federal courts have a duty to inquire into their subject matter jurisdiction sua sponte, even when the parties do not contest the issue." *D'Amico Dry Ltd. v. Primera Mar. (Hellas) Ltd.*, 756 F.3d 151, 161 (2d Cir. 2014). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Fountain v. Karim*, 838 F.3d 129, 134 (2d

Cir. 2016) (internal quotations and citation omitted). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## II. <u>Default Judgment</u>

> Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment. The first step is to obtain an entry of default. . . . The next step requires the plaintiff to seek a judgment by default under Rule 55(b). Rule 55(b)(1) allows the clerk to enter a default judgment if the plaintiff's claim is for a sum certain and the defendant has failed to appear. In all other cases Rule 55(b)(2) governs. It requires a party seeking a judgment by default to apply to the court for entry of a default judgment.

*Priestley v. Headminder, Inc.*, 647 F.3d 497, 504-05 (2d Cir. 2011). "The Rule 'tracks the ancient common law axiom that a default is an admission of all well-pleaded allegations against the defaulting party.'" *Pillar v. Takhar Grp. Collection Servs., Ltd.*, No. 12 Civ 355A (SR), 2012 WL 6209755, at *1 (W.D.N.Y. Nov. 21, 2012) (quoting *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004)), *report and recommendation adopted*, No. 12 Civ 355A, 2012 WL 6209114 (W.D.N.Y. Dec. 13, 2012). However, "[t]he entry of a default, while establishing liability, 'is not an admission of damages.'" *N.Y.C. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (quoting *15 Finkel v. Romanowicz*, 577 F.3d 79, 83 n.6 (2d Cir. 2009)).

## DISCUSSION

It bears mentioning that Plaintiff's attorney, Gross Polowy, LLC, has been frequently cited for failing to follow the requirements attendant to securing default judgments in other foreclosure cases in the Northern District of New York. *See, e.g.*,

*U.S. Bank Trust, N.A. v. Monroe*, No. 15 CV 1480 (LEK)(DJS), 2017 WL 923326, at *3 (N.D.N.Y. Mar. 8, 2017); *U.S. Bank Trust, N.A. v. Dupre*, No. 15 Civ 0558 (LEK)(TWD), 2016 WL 5107123, at *2 (N.D.N.Y. Sept. 20, 2016); *Nationstar Mortg. LLC v. Pignataro*, No. 15 Civ 1041 (LEK)(DJS), 2016 WL 3647876, at *2 (N.D.N.Y. July 1, 2016). Gross Polowy's routine errors appear to demonstrate a pattern of indifference toward the substance of their filings.

> In the past year, U.S. Bank's attorneys—Gross Polowy—have repeatedly failed to secure default judgments in similar foreclosure cases before this Court. In each case, Gross Polowy's motion was denied for one of two reasons: either the complaint failed to sufficiently allege subject matter jurisdiction, or the motion for default judgment failed to meet the requirements of the [Northern District of New York's] Local Rules.

*Monroe*, No. 15 CV 1480 (LEK)(DJS), 2017 WL 923326, at *3 (citations omitted). This Court has also recently ruled against Plaintiff's attorney for the failure to adhere to the procedural requirements of pursuing a judgment of foreclosure and sale. *See* Decision and Order, *Nationstar Mortg. LLC v. Atanas, et al.*, 6:16-CV-06832-EAW (W.D.N.Y. May 23, 2017), ECF No. 13 (denying the motion for default judgment because Plaintiff failed to file the complaint along with the notice of pendency that was filed with the county clerk's office). Here, Plaintiff has failed to sufficiently allege facts establishing subject matter jurisdiction, and has failed to follow the proper procedures for seeking a judgment of foreclosure and sale in New York State.

I. **Absence of Subject Matter Jurisdiction**

Plaintiff alleges that subject matter jurisdiction exists under a theory of diversity jurisdiction (Dkt. 1 at 2), which requires complete diversity of citizenship between the

opposing parties. *See Xerox Corp. v. W. Coast Litho, Inc.*, No. 16 Civ 06032 (EAW), 2017 WL 1831682, at *4 (W.D.N.Y. Apr. 25, 2017). Pursuant to 28 U.S.C. § 1348, "[a]ll national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located." The United States Supreme Court has held that "a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006). The Second Circuit has since limited a national bank's citizenship to that criterion, explicitly declining to permit the establishment of citizenship through a national bank association's "principal place of business." *OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 219 (2d Cir. 2016). Thus, it is the law of this Circuit that "'[a] national bank is a citizen only of the state in which its main office is located, and not the state in which its principal place of business is located, if that state differs from the location of its main office.'" *Zink v. First Niagara Bank, N.A.*, 155 F. Supp. 3d 297, 306 n.3 (W.D.N.Y. 2016) (quoting *Excelsior Funds, Inc. v. JP Morgan Chase Bank, N.A.*, 470 F. Supp. 2d 312, 312 (S.D.N.Y. 2006)).

Here, Plaintiff has neither submitted its articles of incorporation, nor has it made any reference to them or the location of its main office presumably delineated therein. Plaintiff has only alleged diversity jurisdiction insofar as its principal place of business is located in Coppell, Texas. (Dkt. 1 at ¶ 2). Such an assertion is insufficient to properly allege subject matter jurisdiction. Accordingly, the complaint must be dismissed without prejudice, and Plaintiff's motion for default judgment is denied. *See Monroe*, No. 15 CV 1480 (LEK)(DJS), 2017 WL 923326, at *3; *see also* Fed. R. Civ. P. 12(h)(3); *D'Amico*

*Dry Ltd.*, 756 F.3d at 161; *Eckert v. Schroeder, Joseph & Assocs.*, 364 F. Supp. 2d 326, 327 (W.D.N.Y. 2005).

## II. Procedural Defects in the Motion

Although this Court lacks subject matter jurisdiction to entertain this case, the Court notes several other missteps committed by Plaintiff's attorney to allow for greater efficiency in the event Plaintiff chooses to re-file this action.

"In a mortgage foreclosure action under New York law, a lender must prove (1) the existence of a debt, (2) secured by a mortgage, and (3) a default on that debt." *U.S. Bank, N.A. v. Squadron VCD, LLC*, 504 F. App'x 30, 32 (2d Cir. 2012) (citing *R.B. Ventures, Ltd. v. Shane*, 112 F.3d 54, 59 n.2 (2d Cir. 1997)).

> The RPAPL also sets forth procedural requirements in sections 1303 (service of a statutory notice to mortgagor with the summons and complaint), 1304 (prior notice to mortgagor before a lender or assignee commences a legal action), 1306 (lender must file certain information with the superintendent of the New York State Department of Financial Services), 1320 (summons must contain a statutory notice), and 1331 (the filing of a notice of pendency).

*Ditech Fin. LLC v. Sterly*, No. 15 Civ 1455 (MAD)(TWD), 2016 WL 7429439, at *4 (N.D.N.Y. Dec. 23, 2016). In addition, "[u]nder New York law, before a court may enter judgment directing the sale of real property, the plaintiff must file a notice of pendency with the clerk of the county in which the property is located." *Nationstar Mortg. LLC v. Moody*, No. 516 Civ 0279 (LEK)(ATB), 2017 WL 1373890, at *1 (N.D.N.Y. Apr. 13, 2017); *see* N.Y. C.P.L.R. § 6511(a). "Unless it has already been filed in that county, the complaint shall be filed with the notice of pendency." N.Y. C.P.L.R. § 6511(a). "This requirement 'derives from the ancient concern that would-be purchasers obtain adequate

notice of the risk to the property's title.'" *Kolel Damsek Eliezer, Inc. v. Schlesinger*, 90 A.D.3d 851, 856 (2d Dept. 2011) (quoting *5303 Realty Corp. v. O & Y Equity Corp.*, 64 N.Y.2d 313, 320-21 (1984)). The failure to adhere to this procedural mandate renders the notice of pendency "defective and void from the beginning." *Chateau Rive Corp. v. Riverview Partners, LP*, 18 A.D.3d 492, 493 (2d Dept. 2005); *see Wells Fargo Bank, N.A. v. Paul*, No. 16 Civ 0665 (MAD)(DEP), 2017 WL 2116529, at *3 (N.D.N.Y. May 15, 2017).

Here, Plaintiff's attorneys have satisfied most, but not all, of the aforesaid requirements. Plaintiff's submissions appear to have established the common-law elements of a mortgage foreclosure action. (Dkt. 10-2 at 4-6 (the Note), 8-20 (the Mortgage); Dkt. 10-6 at 1-4 (Pl. Aff.)). Plaintiff has also satisfied the pre-litigation notice requirements of RPAPL § 1304 (Dkt. 10-6 at 7-8), and has filed the necessary information with the superintendent of the New York State Department of Financial Services pursuant to RPAPL § 1306 (Dkt. 10-6 at 5). Furthermore, Plaintiff served the summons and the complaint, together with a debt validation letter, the certificate of merit, and notices pursuant to RPAPL §§ 1303 and 1320, upon Defendants. (Dkt. 10-3).

However, Plaintiff has not satisfied the requirements of RPAPL § 1331. Although Plaintiff provided a copy of the Notice of Pendency filed with the Monroe County Clerk's Office, the notice does not appear to have been filed along with a copy of the complaint. (Dkt. 4). The Notice of Pendency merely states that "an action has been commenced and is now pending in the United States District Court for the Western District of New York upon the Complaint of the above named Plaintiff. . . ." (*Id.*). This

is insufficient to satisfy the requirements of New York law. *See Moody*, No. 516 Civ 0279 (LEK)(ATB), 2017 WL 1373890, at *1; *Sterly*, No. 15 Civ 1455 (MAD)(TWD), 2016 WL 7429439, at *4 ("The notice states that a foreclosure action has been commenced against Defendants in the United States District Court for the Northern District of New York. However, there is no indication that Plaintiff filed the complaint with the notice of pendency as required by CPLR § 6511(a)." (citation omitted)). Recognizing that a "plaintiff may cloud a defendant's title merely by serving a summons and filing a proper complaint and notice of pendency . . . ," the New York State Court of Appeals has mandated "strict compliance with the[se] statutory procedural requirements" in order to offset the otherwise "drastic impact" of this mode of relief. *5303 Realty Corp.*, 64 N.Y.2d at 319. Therefore, even had subject matter jurisdiction been established, Plaintiff's motion would have been denied on the grounds that the Notice of Pendency was defective and void.

### III. Defective Request for Attorney's Fees

The absence of subject matter jurisdiction also prevents the Court from reaching Plaintiff's request for attorneys' fees in the amount of $4,950.00. (Dkt. 10-5). Nonetheless, the Court notes that Plaintiff's attorney's request is defective. "The law in this circuit is that no award for attorneys' fees is appropriate where the attorney failed to maintain contemporaneous time records." *Kottwitz v. Colvin*, 114 F. Supp. 3d 145, 150 (S.D.N.Y. 2015) (citing *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983)). This is considered "a strict rule from which attorneys may deviate only in the rarest of cases." *Scott v. N.Y.C.*, 626 F.3d 130, 133 (2d Cir. 2010).

"In general, courts in this Circuit will not award attorney's fees assessed at a flat-rate unless the supporting documentation is detailed enough to satisfy the Second Circuit's requirement that attorneys' fees must be based on contemporaneous time records specifying relevant dates, time spent and work done." *Onewest Bank, N.A. v. Cole*, No. 14 Civ 03078 (FB)(RER), 2015 WL 4429014, at *6 (E.D.N.Y. July 17, 2015).

Here, Plaintiff's counsel's affirmation in support of the request for attorneys' fees indicates that Gross Polowy does not maintain individual time sheets and, instead, "charges a flat fee for foreclosure work." (Dkt. 10-5 at ¶ 4). Counsel provides a non-comprehensive list of work actions performed in relation to the lawsuit, which fails to recite in any detail the nature of the tasks performed, the hourly rate, or the dates in which each task was conducted. (*Id.* at 2-3). In fact, the submissions are stylized in almost the exact same format rejected by this Court in *Nationstar Mortg. LLC v. Atanas, et al.*. Therefore, should Plaintiff refile this action and subsequently pursue a new motion for default judgment, Plaintiff should do so in a manner that is consistent with the cases discussed above.

## CONCLUSION

For the foregoing reasons, the Court dismisses Plaintiff's complaint (Dkt. 1) without prejudice, and denies Plaintiff's motion for default judgment, (Dkt. 9). The Clerk of Court is directed to close this case.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: June 14, 2017
Rochester, New York